IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:24-cv-00706-MR

| | |
|---|---|
| WILLIAM ARTHUR BROWN, ) | |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| GRAHAM MULLIS, et al., ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1], pursuant to 28 U.S.C. §§ 1915A and 1915(e). Plaintiff paid the filing fee in this matter.

## I. PROCEDURAL HISTORY

On October 6, 1992, a grand jury in the Western District of North Carolina returned an eleven-count indictment against Plaintiff William Arthur Brown ("Plaintiff"). United States v. Brown, 202 F.3d 691, 694 (4th Cir. 2000). On July 29, 1993, following an eight-day jury trial before the Honorable Graham C. Mullen, United States District Judge, Plaintiff was convicted on six counts, including one count of engaging in a continuing criminal enterprise (CCE) in violation of 21 U.S.C. § 848, one count of

conspiracy to violate drug laws in violation of 21 U.S.C. § 846, and four counts of money laundering in violation of 18 U.S.C. § 1956. Id.; see Criminal Case No. 3:92-cr-00270 (W.D.N.C.). He was sentenced to a total term of imprisonment of 360 months. Id. at 695-96. Plaintiff appealed, complaining in part that one of his attorneys at trial, Robert F. Simone, operated under a conflict of interest because he, Simone, had recently been convicted on federal racketeering and extortion charges. Id. at 695-96. The Fourth Circuit found that the record showed that Plaintiff had knowingly, intelligently, and voluntarily waived the conflict after a recusal hearing conducted by Judge Mullen. The Fourth Circuit, therefore, affirmed the District Court's rulings on the issue.[1] Id. at 698.

On or about October 11, 2000, Plaintiff filed a civil action in the Superior Court of Mecklenburg County, North Carolina, against several individuals involved in his criminal prosecution, including his attorneys Noell P. Tin and Mark Foster; United States Attorneys Robert Higdon and Gretchen Shappert; and F.B.I. Case Agent Gerrod Senatore, claiming *inter alia* a

---

[1] The Fourth Circuit, however, vacated Plaintiff's CCE conviction for unrelated reasons and remanded for further proceedings. Brown, 202 F.3d at 703-4. On remand, the Government dismissed the CCE charge, and Plaintiff was resentenced, again for a total term of imprisonment of 360 months. Brown v. United States, No. 3:04CV594-01-MU, 2006 WL 2620375, at *1 (W.D.N.C. Sept. 11, 2006). Plaintiff appealed the resentencing, and, on October 28, 2002, the Fourth Circuit affirmed the second Judgment. United States v. Brown, 49 Fed. App'x 432 (4th Cir. 2002), cert. denied, 540 U.S. 1068 (2003).

2

conflict of interest and conspiracy. [Civil Case No. 3:00-cv-00546-GCM, Doc. 1: Notice of Removal & Compl.]. Defendants Shappert, Higdon, and Senatore removed the case to this Court. [Id., id. at 1-2]. Citing authority vested in the Court by 28 U.S.C. § 1915(e)(2), Judge Mullen dismissed the case on initial review as "patently frivolous" and imposed a prefiling injunction on the Plaintiff. [Id., Doc. 16 at 1]. Judge Mullen ordered that "[i]f Plaintiff wishes to file further documents with the Court he must request permission from the Court and submit the proposed filings for screening by this Court." [Id., id.].

On December 1, 2004, Plaintiff moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, asserting various grounds of ineffective assistance of counsel. See Brown, 2006 WL 2620375. Judge Mullen granted Plaintiff's motion in part based on Plaintiff's claim that his attorneys were ineffective for failing to challenge a deficient § 851 notice. Id. at *2. Judge Mullen ordered that Plaintiff be resentenced on his § 846 conviction to a term of imprisonment of twenty years. Id. An Amended Judgment reflecting this new sentence was entered on September 12, 2006. [CR Doc. 17]. Plaintiff has completed his sentence and has been released from BOP custody.

On or about July 22, 2024, Plaintiff filed the pending Complaint in which he purports to state a claim for "criminal conspiracy" against Judge Graham Mullis [sic], Gretchen Sheppert [sic], Bobby Higdon, and Noell Tin. [Doc. 1]. Plaintiff claims that these individuals conspired to keep him incarcerated for over nineteen years. Plaintiff alleges this occurred because his trial attorney, Robert Simone, "bamboozled" and "sweet-talked" Judge Mullen into allowing Simone to represent the Plaintiff, despite the conflict of interest. [Id. at 1]. Plaintiff asserts that the 2000 Fourth Circuit decision "must be corrected and redacted because a criminal act has finally been uncovered." [Id.; see id. at 5-9]. He also seeks monetary relief. [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from

a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. ANALYSIS

Plaintiff's Complaint fails initial review. Plaintiff's current claims were dismissed with prejudice on initial review of his removed Complaint in 2000. See Lomax v. Ortiz-Marquez, 590 U.S. ---, 140 S.Ct. 1721, 1725 (2020) (noting that when a court dismisses an action for failure to state a claim for relief, but neglects to specify with or without prejudice, the dismissal is treated as an "adjudication on the merits"); McLean v. United States, 566 F.3d 391 (4th Cir. 2009) (in § 1915 context, "[a]n unqualified dismissal for failure to state a claim is presumed to operate with prejudice"), abrogated on other grounds by Lomax, 140 S.Ct 1721. Plaintiff, therefore, cannot raise

the same dismissed claims here. Moreover, Plaintiff's Complaint is undoubtedly time barred. His prosecution and conviction are over three decades old. The statute of limitations on any claim arising therefrom has long since expired. The Court, therefore, would also dismiss Plaintiff's Complaint as facially barred by the statute of limitations. Finally, as before, Plaintiff's Complaint is wholly frivolous and, in violation of the Court's prefiling injunction, Plaintiff failed to seek the Court's review before filing this action. The Court, therefore, will dismiss Plaintiff's Complaint with prejudice.

## V. CONCLUSION

For the reasons stated herein, the Court will dismiss this action with prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that this action [Doc. 1] is **DISMISSED with prejudice** on initial review under 28 U.S.C. §§ 1915A and 1915(e).

The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED**. Signed: December 11, 2024

Martin Reidinger
Chief United States District Judge